CV 06 3591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WEINSTEIN, J.

CIVIL ACTION NO. MANN, M.J.

---

ANNA LINO, AS ADMINISTRATOR OF THE ESTATE
OF EDWARD LINO

      Plaintiff,

v.

THE CITY OF NEW YORK, STEPHEN CARACAPPA and
LOUIS EPPOLITO,

      Defendants.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 20 2006 ★

BROOKLYN OFFICE

---

## PLAINTIFF'S COMPLAINT

### JURISDICTION

Jurisdiction of this court is based upon 28 USC 1331, 1343 and 1367, and 42 USC 1983.

### VENUE

Venue in this court is proper pursuant to 28 USC 1391, as the cause of action occurred within the Eastern District of New York.

### THE PARTIES

1. Plaintiff ANNA LINO ("LINO"), an individual residing in and a citizen of the state of Florida, was, on May 26, 2005 appointed Administratrix of the Estate of Edward Lino by the Surrogate's Court for the County of Suffolk, State of New York, File #481 A2005.

2. At all times hereinafter mentioned and prior thereto, and until his death on November 6, 1990, Plaintiff was married to and resided with Edward Lino ("plaintiff's decedent").

3. At all times relevant to this Complaint, plaintiff's decedent had five children, namely Edward Lino, Christopher Lino, Danielle Lino, Vincent Lino, and

Thomas Lino.

4.    At all times hereinafter mentioned and prior thereto, and on and prior to the 6th day of November, 1990, the defendant, THE CITY OF NEW YORK ("CITY") was and still is a municipal corporation formed by and under the laws of the State of New York with its principal office located at 100 Church Street, New York, NY 10007.

5.    Defendant STEPHEN CARACAPPA ("CARACAPPA") is an individual with a last known address within the federal penal system.

6.    Defendant LOUIS EPPOLITO ("EPPOLITO") is an individual with a last known address within the federal penal system.

## COUNT I

7.    At all times relevant to the Complaint, defendant CARACAPPA was employed by the defendant CITY's New York City Police Department ("Police Department"), holding the rank of police officer and then detective therein.

8.    At all times relevant to the Complaint, defendant EPPOLITO was employed by the defendant CITY's Police Department, holding the rank of police officer and then detective therein

9.    At all times relevant to the Complaint, defendant CITY operated, managed and supervised the Police Department.

10.    At all times relevant to the Complaint, defendants CARACAPPA and EPPOLITO were acting under color of law, statute, ordinance, regulation, custom or usage of the State of New York.

11.    At all times relevant to the Complaint, defendant CITY knew that defendants CARACAPPA and/or EPPOLITO were connected to, had a relationship with, and were serving the interests of organized crime, including but not limited to said defendants utilizing the resources and authority of, and their position in, the Police Department to cause or contribute to cause the kidnapping, torture and/or death of various members of the public.

12.    Defendant CITY, by knowingly allowing defendants CARACAPPA and/or EPPOLITO to continue in their employment by the CITY's Police Department, to continue to have access to its resources, to continue to hold themselves out to the public as being members of said department, and to continue to otherwise cloak themselves with the authority of said department, did, at all times relevant to the Complaint, tacitly or expressly consent, authorize and approve defendants CARACAPPA and/or EPPOLITO using their positions as members of the Police

Department, under color of state law as aforesaid, to serve the interests of organized crime as aforesaid.

13.   On November 6, 1990, acting under color of state law as aforesaid, and in furtherance of the interests of organized crime, defendants CARACAPPA and/or EPPOLITO did use the resources and authority of the defendant CITY's Police Department to locate, detain and murder plaintiff's decedent on a service road of the Belt Parkway in Brooklyn, County of Kings, New York.

14.   As a direct and proximate result of their murder of plaintiff's decedent as aforesaid, defendants CARACAPPA and/or EPPOLITO did, under color of state law as aforesaid, deprive said plaintiff's decedent of his constitutionally and legally protected civil rights, privileges and immunities, including being deprived of his life, without due process of law in violation of 42 USC 1983.

15.   Plaintiff Anna Lino, individually and as Administratrix of the Estate of Edward Lino, did not and could not reasonably have known that all or any of the defendants were involved as aforesaid or in any other way in the death of plaintiff's decedent until March 10, 2005 when such involvement was publicly announced by the United States Attorney's office for the Eastern District of New York.

16.   As a direct and proximate result of the defendant's CARACAPPA and EPPOLITO's conduct as aforesaid, and as a direct and proximate result of defendant CITY's tacit or express approval or authorization of, and consent to, the conduct of its co-defendants as alleged above:

a.   plaintiff's decedent was caused to endure conscious pain and suffering, both mental and physical, and death;

b.   plaintiff LINO was deprived of plaintiff's decedent's comfort, guidance, care, advice, society, services and financial support;

c.   the above-named children of plaintiff's decedent were deprived of plaintiff's decedent's advice, care, guidance, comfort, society, services and financial support.

d.   the estate of plaintiff's decedent was caused to incur various funeral and burial expenses.

**WHEREFORE**, PLAINTIFF ANNA LINO, AS ADMINISTRATRIX OF THE ESTATE OF EDWARD LINO, DEMANDS JUDGEMENT AGAINST DEFENDANTS THE CITY OF NEW YORK, STEPHEN CARACAPPA AND LOUIS EPPOLITO, IN THE AMOUNT OF $100,000,000.00 DOLLARS, PLUS COSTS AND ATTORNEY'S FEES.

## COUNT II

17.    Plaintiff LINO reaffirms and realleges paragraphs 1 through 16 above as if specifically affirmed and alleged herein.

18.    At all times relevant to the Complaint, defendant CITY was negligent and/or grossly negligent, which negligence and/or gross negligence includes but is not limited to:

   a.   its employing and continuing to employ its co-defendants when it knew or reasonably should have known that defendants CARACAPPA and/or EPPOLITO were connected to, had a relationship with, and were serving the interests of organized crime, including but not limited to said defendants utilizing the resources and authority of, and their position in, the Police Department to cause or contribute to cause the kidnapping, torture and/or death of various members of the public;

   b.   its permitting its co-defendants to have access to Police Department data bases containing confidential information, when it knew or reasonably should have known that defendants CARACAPPA and/or EPPOLITO were connected to, had a relationship with, and were serving the interests of organized crime, including but not limited to said defendants utilizing the resources and authority of, and their position in, the Police Department to cause or contribute to cause the kidnapping, torture and/or death of various members of the public;

   c.   its failure to reasonably supervise or monitor its co-defendants;

   d.   its failure to reasonably investigate its co-defendants in regard to their connection and relationship with, and servicing the interests of, organized crime, including their utilizing the resources and authority of, and their position in, the Police Department to cause or contribute to cause the kidnapping, torture and/or death of various members of the public;

   e.   its failure to reasonably discipline its co-defendants;

   f.   its failure to maintain reasonable standards for the investigation, discipline and termination of member of the Police Department, including its co-defendants.

19.    As a direct and proximate result of the defendant CITY's negligence and/or gross negligence as aforesaid:

   a.   plaintiff's decedent was caused to endure conscious pain and suffering, both mental and physical, and death;

    b.  plaintiff LINO was deprived of plaintiff's decedent's comfort, guidance, care, advice, society, services and financial support;

    c.  the above-named children of plaintiff's decedent were deprived of plaintiff's decedent's advice, care, guidance, comfort, society, services and financial support.

    d.  the estate of plaintiff's decedent was caused to incur various funeral and burial expenses.

**WHEREFORE**, PLAINTIFF ANNA LINO, AS ADMINISTRATRIX OF THE ESTATE OF EDWARD LINO, DEMANDS JUDGEMENT AGAINST DEFENDANT THE CITY OF NEW YORK IN THE AMOUNT OF $100,000,000.00 DOLLARS, PLUS COSTS

## COUNT III

20.    Plaintiff LINO reaffirms and realleges paragraphs 1 through 19 above as if specifically affirmed and alleged herein.

21.    The aforesaid conduct of defendants CARACAPPA and EPPOLITO was done in violation of 42 USC 1983, with malicious intent to harm plaintiff's decedent.

22.    The aforesaid conduct of defendant CITY was done in violation of 42 USC 1983, with reckless and/or callous indifference to the rights of the public including plaintiff's decedent.

**WHEREFORE**, PLAINTIFF ANNA LINO, AS ADMINISTRATRIX OF THE ESTATE OF EDWARD LINO, DEMANDS JUDGEMENT AGAINST DEFENDANTS THE CITY OF NEW YORK, STEPHEN CARACAPPA AND LOUIS EPPOLITO, FOR PUNITIVE DAMAGES IN AN AMOUNT TO BE DETERMINED BY THE JURY, PLUS COSTS AND ATTORNEY'S FEES

## COUNT IV

23.    Plaintiff LINO reaffirms and realleges paragraphs 1 through 22 above as if specifically affirmed and alleged herein.

24.    Defendants CARACAPPA and EPPOLITO did intentionally commit assault and battery upon, and false imprisonment of, plaintiff's decedent, and did murder him.

25.    As a direct and proximate result of the intentional acts of defendants CARACAPPA and EPPOLITO as aforesaid:

a.  plaintiff's decedent was caused to endure conscious pain and suffering, both mental and physical, and death;

b.  plaintiff LINO was deprived of plaintiff's decedent's comfort, guidance, care, advice, society, services and financial support;

c.  the above-named children of plaintiff's decedent were deprived of plaintiff's decedent's advice, care, guidance, comfort, society, services and financial support.

d.  the estate of plaintiff's decedent was caused to incur various funeral and burial expenses.

**WHEREFORE,** PLAINTIFF ANNA LINO, AS ADMINISTRATRIX OF THE ESTATE OF EDWARD LINO, DEMANDS JUDGEMENT AGAINST STEPHEN CARACAPPA AND LOUIS EPPOLITO IN THE AMOUNT OF $100,000,000.00 DOLLARS, PLUS COSTS

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Dated: New York, New York
        July 20, 2006

Yours, etc.

SCOTT E. CHARNAS, ESQ. SC7167
MANHEIMER & CHARNAS, LLP
Attorneys For The Plaintiffs
747 Third Avenue, 37th Floor
New York, New York 10017
212-752-4500